FILED
MAR 31 2000
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
APR 3 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL B. GRAYSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| LESLIE THOMPSON, Warden, | ) | 96-C-1017-S |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

In this death penalty case, Petitioner Darrell B. Grayson urges that his conviction and sentence violates his federal constitutional guarantees. On nineteen separate grounds, he urges the Court to grant a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court determines that an evidentiary hearing on any of the claims is unnecessary. It has closely scrutinized the record under the requirements of § 2254, as they existed at the time of the filing of this petition for habeas corpus. Based on that scrutiny, it is convinced that 1) the factfinding procedures used by the Alabama courts were adequate to afford full and fair hearings to Petitioner; 2) the material facts were adequately developed in the state court hearings; 3) Petitioner received full, fair, and adequate hearings in the state court proceedings; 4) Petitioner has not been denied due process of law in the state court proceedings; and 5) the factual determinations made by the state courts are fairly supported

by the record. All of the of material factual determinations of the State courts must therefore be presumed to be correct.

For the reasons which follow, the petition for habeas corpus will be denied.

I

Petitioner is an African-American male. He and his co-defendant, Victor Kennedy, were convicted of the capital offenses of nighttime burglary of an occupied dwelling when the occupant is intentionally killed (Count I), and breaking and entering with the intent to commit robbery (Count II). *See* ALA. CODE § 13A-531(a)(4)(1975). The Alabama Court of Criminal Appeals found the conviction to have been based on the following facts:

> During the predawn hours of December 24, 1980, Victor Kennedy . . . and co-defendant Darrell Grayson broke into the home of Mrs. Annie Laura Orr. After subduing the eighty-six year old woman, they tightly wrapped her head with a pillowcase and tape. Then the two men repeatedly terrorized, assaulted and raped their helpless victim who died from suffocation.

*See Kennedy v. State*, 472 So.2d 1092, 1095 (Ala. Cr. App. 1984). Mrs. Orr was white. Kennedy and Petitioner were convicted by an all-white jury.[1] Petitioner was represented by

---

[1] This court initially granted Kennedy's habeas petition, based on its conclusion that the State had withheld evidence (ironically, the instant Petitioner's confessions) in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that Kennedy had been denied the effective assistance of counsel at sentencing. The Eleventh Circuit reversed in *Kennedy v. Herring*, 54 F.3d 678 (11th Cir. 1995). On a limited remand issue, this Court denied the petition; and the denial was affirmed. *Kennedy v. Hopper*, 156 F.3d 1143 (11th Cir. 1998); *cert. denied,* 119 S.Ct

2

the same court-appointed counsel at trial and on direct appeal.

## II

The usual *habeas* legal principles apply.

Where a state habeas petitioner has defaulted his federal claims in state court under an independent and adequate state rule of procedure, federal habeas review is barred unless the petitioner can establish **cause** for the default and **actual prejudice** as a result of the violation of his constitutional rights. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Title 28 § 2254 (d) governs this case. As of the time the instant petition was filed, it provided:

> (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit -
>
> > (1) that the merits of the factual dispute were not resolved in the State court hearing;

---

1475 (1999)

    The court judicially notes that Kennedy has since been electrocuted by the State of Alabama.

3

> (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
>
> (3) that the material facts were not adequately developed at the State court hearing;
>
> (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
>
> (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
>
> (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
>
> (7) that the applicant was otherwise denied due process of law in the State court proceeding;
>
> (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that

4

the factual determination by the State court was erroneous.

Each of Petitioner's nineteen constitutional claims will be treated separately.

III

Claim A

As his first claim, Petitioner contends that he was denied the effective assistance of trial and appellate counsel. Not surprisingly, this ground was not asserted at trial or on direct appeal. However, the issue was raised in Petitioner's post-conviction petition for relief. *Grayson v. State*, 675 So.2d 516 (Ala. Cr. App. 1995)("*Grayson III*").

More specifically, Petitioner claims that at the trial level, counsel unreasonably failed (1) to secure the assistance of a psychiatrist with expertise in alcoholism; (2) to conduct a sufficient *voir dire* of prospective jurors concerning publicity and knowledge of the case and parties; (3) to object to prosecutorial misconduct during the *voir dire* examination of jurors; (4) to move to suppress based on Fourth Amendment grounds; (5) to adequately urge the trial court to suppress his confessions; (6) to object to the State's failure to produce tape recordings of his confessions; (7) to present evidence in support of his theories of intoxication and insanity; (8) to object to the prosecutors' improper arguments at the guilt/innocence phase of the trial; (9) to give a reasonably effective summation to the jury; (10) to assure that the court answered the jury's question concerning lesser-included offenses; (11) to investigate and present compelling mitigation evidence; (12) to request jury instructions on rape and kidnaping or alternatively to move to strike the aggravating

5

circumstance which incorporated those crimes; (13) to make an adequate showing of Petitioner's need for expert forensic pathology assistance; (14) to object to the prosecutor's inflammatory and otherwise improper closing arguments at the sentencing stage of the trial; (15) to give an effective summation at the penalty phase of the trial; and (16) to object on double jeopardy grounds to Petitioner's conviction of two counts of capital murder.

On direct appeal, Petitioner maintains that he was denied effective assistance by his counsel's (1) failure to assure that a complete record was filed; (2) failure to argue a Fourth Amendment suppression; (3) failure to argue the involuntariness of his confessions; (4) failure to argue that prospective jurors were not adequately *voir dire*; (5) failure to argue prosecutorial misconduct during *voir dire*; (6) failure to argue that the State impermissibly failed to produce his taped confessions; (7) failure to argue the improper conduct of the prosecutor in summation; (8) failure to argue that the State had failed to prove an essential element of burglary; (9) failure to argue that the trial court erred by failing to answer the jury's question concerning intent and lesser included offenses; (10) failure to argue that the trial court erred by failing to instruct the jury on the elements of rape and kidnaping as the basis of the capital offense of which he was convicted; (11) failure to argue double jeopardy; and (12) failure to argue improper conduct of the prosecutors' summation at the penalty phase.

The Alabama Court of Criminal Appeals made specific findings on these contentions. It found that Petitioner's counsel "applied for and received the maximum

amount of funds statutorily available for expert assistance. There was no deficient performance regarding this issue." *See Grayson III*, at 522, 523.

Petitioner has not made a showing that these presumptively correct findings should be set aside.

In any event, the Court finds this claim to be without merit.

### Claim B

Petitioner's next claim is that his counsel and the trial court unconstitutionally failed to conduct an adequate *voir dire* of prospective jurors concerning the pretrial publicity and their knowledge of the victim and her family.

This claim was not raised at trial or on direct appeal. While he raised it in his post-conviction petition, he did not raise it in his appeal from the denial of post-conviction relief.

Petitioner's procedural default precludes consideration of this claim by this Court.

Alternatively, the Court finds the claim to be without merit.

### Claim C

Petitioner claims that the trial court unconstitutionally failed to exclude for cause twelve possibly biased jurors from service in the case. He says that because of the trial court's failure to do so, he was forced to utilize ten of his peremptory challenges to remove

7

those jurors; and that one of the twelve actually served on the jury which convicted him.

This claim was not raised at trial or on direct appeal. While he raised the claim for the first time in his post-conviction petition, the Court of Criminal Appeals found this claim to be procedurally barred under state law. *Grayson III*, at p. 530, § IV, #12.

Petitioner is not entitled to habeas relief on this claim both because of the procedural bar and because it lacks merit.

### Claim D

Petitioner contends that the prosecutor's misconduct during the *voir dire* of jurors violated his constitutional rights. Specifically, Petitioner complains that the prosecutor misstated the law concerning the intoxication defense and mitigating evidence.

Petitioner did not raise this claim at trial or on direct appeal. He raised it for the first time in his post-conviction petition. However, the Alabama Court of Criminal Appeals held that the claim is procedurally barred. *Id*. #4.

This claim is denied both because of the procedural bar and because it lacks merit.

### Claim E

Petitioner claims that his confessions and certain physical evidence offered at trial were obtained in violation of his constitutional guarantee against unreasonable searches and seizures.

On the Christmas Eve when the victim's body was discovered, Petitioner was

taken into custody by law enforcement officials. He claims that the police officers lacked probable cause or reasonable suspicion to believe that he had committed the crime. While he was in custody, the police officers obtained two taped recorded confessions and an oral confession from him. Moreover, in the search of his body incidental to his arrest, police officers recovered two rings owned by the victim. They also recovered from one of his socks, a hair which was identified as being consistent with the hair of the victim. The rings and hair were received in evidence at Petitioner's trial.

With respect to the physical evidence, Petitioner did not raise the issue at trial or on direct appeal. This aspect of the claim was first raised in the post-conviction petition. The Alabama Court of Criminal Appeals found this aspect of the claim to be procedurally barred.

Petitioner raised in state courts the validity of his arrest by way of a pretrial motion to suppress. The motion was fully heard and denied. (R. 662-665.)

Since the invalid arrest claim was raised and determined after a hearing on the merits by the state courts, and none of the exceptions to § 2254 (d) apply, the claim will not be considered by this Court.

## Claim F

Petitioner claims that his confessions to law enforcement authorities were involuntary and unreliable, and that their admission into evidence violated his constitutional rights. This claim was clearly presented at trial and on direct appeal. The Court of Criminal

9

Appeals wrote:

> Grayson argues that his confessions were involuntary upon a consideration of the totality of the circumstances that he was questioned within twelve hours after the crime was committed, was only nineteen years old with a tenth grade education, and was "under a great deal of fear, shame and duress."
>
> On two separate occasions, the trial judge made specific written findings that Grayson's statements were voluntarily made after knowing and intelligent waivers of this constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966). Although two separate suppression hearings were held, Grayson never presented any evidence to contradict the State's showing of voluntariness. The facts are so clear that the statements were voluntary that they do not bear repeating. Suffice it to say that nothing other than sheer speculation, utter conjecture, and groundless surmise will even cast a taint on the voluntariness of Grayson's statements.

*Grayson II,* at 15.

The Alabama Court found the issue to be without merit. The findings of fact of the trial court and the Court of Criminal Appeals are presumptively correct.

Petitioner's claim must be rejected by the Court.

### Claim G

As a separate claim, Petitioner asserts that he did not voluntarily waive his *Miranda* rights. *Miranda v. Arizona*, 484 U.S. 436 (1966). This ground of the petition is largely predicated on Petitioner's assertion that he was suffering from alcohol withdrawal at the time of the crime.

Like the preceding claim, this claim was raised and addressed at trial and on

10

direct appeal. The Alabama courts found the issue to be without merit, based on explicit findings of fact.

These findings are presumptively correct and binding on this Court. Petitioner's claim must be rejected.

### Claim H

Petitioner claims that his constitutional rights were violated by the State's failure to produce his taped confessions and by the admission into evidence of transcripts of the tapes. Apparently, the State did not produce the tapes to the Petitioner until the hearing on his suppression motion. At trial, the tapes were never played to the jury. Instead, the transcript of the tapes was read into the record. Likewise, the transcript rather than the tapes was offered and received into evidence.

Petitioner did not raise this claim at trial or on direct appeal. Although, he raised it for the first time in his post-conviction petition, the trial court found it to be procedurally defaulted. The Court of Criminal Appeals agreed. *Grayson III*, p. 530 § IV, #3.

The claim will be denied.

### Claim I

Plaintiff claims that the court relied on a mental health evaluation conducted of him by a State mental health expert in (1) determining his competency to stand trial; (2) determining his sanity at the time of the offense; (3) determining the voluntariness of his

11

confessions and; (4) determining the existence *vel non* of mitigating circumstances.

The evaluation was conducted by Edwin C. Segar of the Taylor Hardin Secure Medical Facility.

Petitioner did not raise this claim at trial or on direct appeal, resulting in procedural default.

In attempting to show "cause" for his procedural default, Petitioner asserts that the underlying information of this claim, that the mental health expert was an "imposter," was not known to counsel at the time of trial or direct appeal. Petitioner has not offered any evidence to prove the imposter allegation. The requisite "cause" has not been shown.

Petitioner raised this claim for the first time in his post-conviction hearing, and the trial court found it to be procedurally defaulted. Likewise, the Court of Criminal Appeals held the claim to be procedurally barred. *Grayson III*, p. 530 § IV, #10.

Petitioner's procedural default precludes consideration of this claim by this Court.

### Claim J

Next, Petitioner claims that the prosecutors' misconduct during the closing arguments at the guilt phase of the trial violated his constitutional rights. He further claims that the prosecutors' closing arguments were inflammatory, misleading, and improper in violation of Petitioner's constitutional rights.

Petitioner did not raise this claim at trial nor did he raise it on direct appeal,

resulting in procedural default. As "cause" for not raising this claim at trial or on appeal, Petitioner asserts ineffective assistance of counsel. However, as discussed *supra* in Claim A, the Court of Criminal Appeals made specific findings of fact on this claim. These findings are presumptively correct. Thus, there is not sufficient "cause" to excuse Petitioner's procedural default at the trial and direct appeal levels.

Petitioner did raise this claim in his petition for post-conviction relief, but the trial court found the claim to be defaulted. The Court of Criminal Appeals reached the same conclusion. *Grayson III*, 530, § IV, #5.

Petitioner's procedural default precludes consideration of this claim by this Court.

### Claim K

Petitioner next claims his constitutional rights were violated because there was insufficient evidence to sustain a conviction for burglary. He specifically contends that the state failed to prove the essential element of breaking and entering.

Petitioner raised this claim at trial but did not raise it on direct appeal. Petitioner shows no cause for this procedural default. Petitioner again raised this claim in his post-conviction petition and the trial court found it to be defaulted as did the Court of Criminal Appeals in his appeal from the trial court's denial. *Grayson III*, § IV.

While this Court agrees that Petitioner's claim is procedurally defaulted, the claim must also be denied for want of merit.

## Claim L

Petitioner next claims that his constitutional rights were violated by the trial court's failure to reinstruct the jury upon request by the jury.

However, Petitioner did not raise this claim at trial or on direct appeal, resulting in procedural default.

As "cause" for not raising this claim at trial or on appeal, Petitioner asserts ineffective assistance of counsel. However, as discussed *supra,* the Court of Criminal Appeals has made specific findings that Petitioner was not denied the effective assistance of counsel claims. These findings are presumptively correct.

Thus, there is insufficient "cause" to excuse Petitioner's procedural default at the trial and direct appeal levels.

Petitioner raised this claim for the first time in his petition for post-conviction relief, and the trial court found it to be defaulted. Likewise, on appeal from his post-conviction denial, the Court of Criminal Appeals held this claim to be procedurally barred. *Grayson III*, § IV, # 1.

Petitioner's procedural default precludes consideration of this claim by this Court.

## Claim M

Petitioner next claims that his constitutional rights were violated by the trial court's failure to instruct the jury on the predicate offenses of rape and kidnaping. He claims

14

that the court should have defined rape and kidnaping when it instructed the jury that it could base a sentence of death on a finding that the capital offense was committed concurrent with one of the listed felonies: rape, robbery, burglary, or kidnaping.

Petitioner did not raise this claim at trial nor did he raise the claim on direct appeal, resulting in procedural default. As cause for not raising this claim at trial or on appeal, Petitioner asserts ineffective assistance of counsel. However, as discussed *supra* in Claim A, the Court of Criminal Appeals made specific findings on these issues. These findings are presumptively correct.

Thus, there is not sufficient "cause" to excuse Petitioner's procedural default at the trial and direct appeal levels.

Petitioner did raise this claim in his petition for post-conviction relief and on his appeal thereafter. Both the trial court and the Court of Criminal Appeals found it to be procedurally defaulted. *Grayson III*, § IV #2.

Petitioner's procedural default precludes consideration of this claim by this Court.

### Claim N

Petitioner next contends that the trial court's failure to conduct an individualized determination of the appropriate sentence and to consider mitigating factors violated his constitutional rights. This asserted violation rests on the court's alleged failure to consider as mitigating factor's petitioner's alcoholism and intoxication at the time of the

crime.

Petitioner did not raise this claim at trial nor did he raise it on direct appeal, resulting in procedural default.

As "cause" for not raising this claim at trial or on appeal, Petitioner asserts ineffective assistance of counsel. With the presumptively correct finding that petitioner was not ineffectively represented, the "cause" effort fails.

This claim is procedurally barred.

### Claim O

Petitioner asserts that his constitutional rights were violated by the state's failure to provide a full and complete record. This claim arises out of the omission from the record on appeal of the transcript of opening arguments and summations at trial.

Petitioner did not raise this claim on direct appeal. He first raised it in his post-conviction petition, albeit unsuccessfully. Petitioner did not raise the claim in his appeal from the denial of post-conviction relief.

The only "cause" advanced by Petitioner is ineffective assistance of counsel. As discussed earlier, it will not suffice.

This claim is procedurally defaulted, precluding its consideration in this action.

### Claim P

Petitioner claims that his constitutional rights were violated by the state's failure to provide mental health assistance in developing mitigating factors.

Petitioner raised this claim at trial. However, he did not raise it on direct appeal, resulting in procedural default. When the claim was resurrected in his post-conviction petition, the Court of Criminal Appeals held it to be procedurally barred. *Grayson III*, § IV.

Petitioner's procedural default precludes consideration of this claim.

## Claim Q

Petitioner claims that his constitutional rights were violated by the trial court's failure to provide Petitioner with an expert forensic pathologist who could assist the defense in presenting evidence in support of the theory that Petitioner did not intend to kill the victim.

The claim was clearly raised at trial. The trial court allowed Petitioner the maximum allowable under state law for expert assistance via a hearing held on a motion filed by petitioner's trial counsel. When this claim was presented on direct appeal, both the Court of Criminal Appeals and the Alabama Supreme Court made explicit and implicit findings of fact and determined it to be without merit.

This court join the Alabama courts in finding the claim to be meritless.

Petitioner's seventeenth claim must be also be rejected.

## Claim R

Petitioner argues that the prosecutors' allegedly improper closing arguments at the penalty phase violated his constitutional rights.

Petitioner did not raise this claim at trial nor did he raise it on direct appeal. He

17

raised it in his post-conviction petition, but the Court of Criminal Appeals held it to be procedurally barred.

Again, petitioner incants as "cause" the ineffective assistance of counsel. As found earlier, that "cause" is unavailing to him.

The claim must be denied.

### Claim S

Finally, Petitioner claims that his constitutional rights have been violated by his conviction of two counts of capital murder both of which charged murder during a burglary when only one person was killed and only one burglary was committed.

Petitioner did not raise this claim at trial nor did he raise it on direct appeal. He raised it in his post-conviction petition, but the circuit court and the Court of Criminal Appeals found it to be procedurally barred. *Grayson III,* § IV, # 9.

As "cause" for his procedural default, Petitioner asserts ineffective assistance of counsel. The state courts' findings that Petitioner was not ineffectively represented leaves the "cause" assertion utterly without support.

Petitioner's procedural default precludes this Court's consideration of this claim.

### Conclusion

This Court has carefully reviewed the record in an effort to determine whether Petitioner's constitutional rights, as defined and interpreted by the United States

Court, were violated. He has found no such violation.

While this judge is personally opposed to the death penalty, his duty is to apply the law in those cases assigned to him – whether he agrees with that law or not. Of course, if application of the law would create an injustice or otherwise violate his conscience, his recourse is to remove himself from the case. In this case, application of the law does not work an injustice.

By separate order, the petition for a writ of habeas corpus will be denied.

DONE this 31st day of March, 2000.

_____
UNITED STATES DISTRICT JUDGE
U.W. CLEMON